**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Arthur Ramos,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　CIV 06-2416 PHX MHM (VAM)
　　　　　　　　　　　　　　　　　)
Joseph Arpaio,　　　　　　　　　 )　　O R D E R
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　)

　　　Plaintiff filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on October 12, 2006. (Doc. 1). In the Notice of Assignment entered and mailed to Plaintiff on October 12, 2006, Plaintiff was warned he must file a Notice of Change of Address if his address changes and that failure to comply would result in his case being dismissed. (Doc. 2). It is assumed this Notice was received by Plaintiff as it was not returned as undeliverable. However, the Court Orders filed October 27, 2006 (Docs. 3 and 4) were returned as undeliverable with the notation that Plaintiff was "not in custody." (Doc. 5). Plaintiff has not filed a change of address.

　　　Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply

with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d

2

1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rules 4(m) and

41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 7th day of December, 2006.

_____
Mary H. Murguia
United States District Judge